UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                  CRIMINAL NO. 3:12-CR-143-DPJ-FKB

ANTHONY MACKLIN

ORDER

Defendant Anthony Macklin asks the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mot. [40]. As explained below, Macklin has shown neither extraordinary and compelling reasons justifying a sentence modification nor that the applicable § 3553(a) factors support relief. His Motion [40] is therefore denied.

I.      Facts and Procedural History

The federal grand jury indicted Macklin on December 12, 2012, charging him with a single count of possession with intent to distribute methamphetamine. In February 2013, Macklin pled guilty to the charge, and on May 28, 2013, the Court sentenced Macklin to a bottom-of-the-guidelines 292-month term of incarceration, to be served concurrently with a 12-month sentence he was then serving on a revocation of a term of supervised release previously imposed by the United States District Court for the District of Nevada.[1]

---

[1] In his motion, Macklin says that "when Amendment 782 was adopted into law in 2014 by the United States Sentencing Commission, [his] base offense level was automatically reduced to 32. This adjustment revised his sentencing guideline range to 151–188 months, resulting in a reduction in his initial [sentence] from 300 to 192 months." Mot. [40] at 9. This is wrong in several respects. First, his "initial" sentence was not 300 months; the Court sentenced Macklin to a 292-month term of incarceration. Second, although Amendment 782 adjusted the base offense level for Macklin's count of conviction under § 2D1.1(c)(3), because Macklin was properly characterized as a career offender, § 4B1.1(b)(1) provided the offense level from which Macklin's guideline range was calculated. See PSR [34] ¶¶ 26, 32. Finally, Macklin never sought—and the Court never granted—a sentence reduction on account of Amendment 782 under 28 U.S.C. § 3582(c)(2).

Macklin is presently incarcerated at the medium-security facility in Lewis Run, Pennsylvania (FCI McKean). According to the Bureau of Prisons (BOP) website, Macklin's projected release date is October 10, 2034—roughly 156 months from now—meaning he has served less than half of the sentence the Court imposed. Macklin now asks the Court to reduce his sentence or recommend that the BOP transfer him to home confinement. The Government opposes Macklin's motion.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Exhaustion is not disputed, so Macklin

> is eligible for a sentence reduction if the district court finds: (1) that one of the two conditions set forth in Section 3582(c)(1)(A) is met (here, it must find that "extraordinary and compelling reasons warrant such a reduction"); and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." [18 U.S.C. § 3582(c)(1)(A).] If the district court makes those two findings, then the court "may" reduce the defendant's sentence "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable." *Id.* The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction. *See, e.g., United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020).

*Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021).[2]

Macklin believes a combination of factors in his case, taken together, satisfy the "extraordinary and compelling" requirement. 18 U.S.C. § 3582(c)(1)(A). He says he is the only available caregiver for his 73-year-old mother, who "has colon cancer, back problems, and glaucoma" and "requires professional physical therapy." Mot. [40] at 3. He also cites his own health issues, including that he has "ongoing and persistent pain in the back and stomach, and eczema," and is regularly screened for colorectal cancer. *Id.* at 11. And he says his health issues render him susceptible to complications should he be re-infected with COVID-19. Finally, he contends that he has achieved some rehabilitative success and notes that, with one exception, his criminal history is comprised of all non-violent drug offenses.

Merriam-Webster defines extraordinary as "going beyond what is usual, regular, or customary," and "exceptional to a very marked extent." *Extraordinary, Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/extraordinary (last visited Oct. 6, 2021). It defines compelling as "forceful," "demanding attention," and "convincing." *Compelling, Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/compelling (last visited Oct. 6, 2021). Though unfortunate, Macklin's circumstances are neither extraordinary nor compelling. Instead, his issues are like those faced by many incarcerated individuals. The Court does not intend to minimize Macklin's situation, but it does not consider it to be extraordinary and compelling.

---

[2] In *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021), the Fifth Circuit held there is no binding applicable policy statement.

Even if Macklin presented extraordinary and compelling reasons to justify a sentence modification, the Court would find the relief inappropriate after a review of the § 3553(a) factors. Those factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence[s] and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

>    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
>
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). In Macklin's case, the first, second, and fourth factors drove the Court's decision to sentence him to a bottom-of-the-guidelines sentence.

Macklin committed the instant offense—possession with intent to distribute 50 grams or more of methamphetamine—while on supervised release from a previous drug-trafficking conviction. Two other prior convictions—including one for armed robbery—earned Macklin a designation as a career offender. Macklin's count of conviction carried a 20-year statutory minimum sentence, with a guideline range of 292 to 365 months. The 292-month sentence the Court imposed was at the bottom of that range and slightly higher than the statutory minimum. Given Macklin's history, the seriousness of the offense, and the need to protect the public from further crimes, a sentence within the guidelines was necessary to provide just punishment and promote respect for the law. The salient facts have not changed in the years since the Court sentenced Macklin. The § 3553(a) factors do not support a sentence modification.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Macklin's Motion for Compassionate Release [40] is denied.

**SO ORDERED AND ADJUDGED** this the 6th day of October, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
